PATRICK FLAHERTY
DANIEL FLAHERTY
PAUL GALLARDO
Attorneys at Law
FLAHERTY LAW OFFICE
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone:  (406) 727-8494
Facsimile:   (406) 727-8537
      Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| AUSTIN MANY HIDES,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. CV-14- _____<br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff  Austin Manny Hides, and for his claims for relief

against the Defendant, United States of America, say that:

### JURISDICTION AND VENUE

1.    This matter arises under the Federal Tort Claims Act, (28 U.S.C. § 2671, et.

seq). This Court is vested with jurisdiction in accordance with 28 U.S.C. §

1346(b).

2.     Venue is proper under 28 U.S.C. § 1402(b) because the alleged the Plaintiff resides in and the negligence occurred within the boundaries of the United States District Court, District of Montana, Great Falls Division.

3.     Plaintiff filed an Administrative Claim for relief with appropriate Federal Agencies in a timely manner under the Federal Tort Claims Act, 28 U.S.C § 2675(a) on February 8, 2013.  The Department of Health and Human Services denied Plaintiff's administrative claim on January 31, 2014.  Therefore, Plaintiff has filed this Complaint within 6 months of the denial of the federal tort claim as required by 28 U.S.C. § 2401(b).

## PARTIES

4.     Austin Many Hides ("Plaintiff") at the time of the commencement of this action and at all times pertinent, was and now is a citizen of the State of Montana and resident of the State of Montana.

5.     The Defendant United States of America ("United States"), is the proper party for the Indian Health Service ("IHS"). The United States, through the HIS, funds and operates a health facility, known as the Blackfeet Community Hospital, located in Browning, Montana, Glacier County, Montana.

6.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Blackfeet Community Hospital

were employed by and/or acting on behalf of Defendant.  Further, Defendant is responsible for the negligent acts of its employees and agents under respondeat superior.

7.      This is a claim of medical\hospital negligence against the United States through the IHS, and the physicians and other health care providers who were employed by and acting within the scope and course of their employment at the Blackfeet Community Hospital the time of the acts, errors and omissions contained later in this complaint.

## FACTUAL ALLEGATIONS

8.      This claim arises from the Blackfeet Community Hospital and its employee physician and other health care provider's negligent medical care of Plaintiff.

9.      On or about May 23, 2012, the Defendant, acting by and through its employee physician, Dr. Michael Ksycki, performed a gall bladder removal on Plaintiff.

10.     During Plaintiff's gall bladder surgery, Dr. Ksycki cut and severed Plaintiff's bile duct.  This error was not discovered during surgery, nor was Plaintiff advised of the symptoms of bile duct injuries after the surgery.  The bile duct injury resulted in bile leaking into Plaintiff's body, which is akin to poison releasing into the body.  This caused major damage to his liver and abdomen.

11.     Plaintiff reported to Benefis Hospital in Great Falls, Montana a week after

the surgery due to serious abdominal pain and other ailments.  Benefis referred

Plaintiff to a Seattle, Washington hospital on an emergency basis.  Plaintiff was

hospitalized approximately 30 days in Seattle from May 30, to July 2, 2012.

Plaintiff was required to report to Seattle's Harborview Medical Center around ten

times for repair and follow-up care related to the May 23, 2012, botched surgery.

He has underdone several surgeries to remedy the harm related to the bile duct

injury.  Plaintiff was required to have several stents installed in his body to repair

the bile duct.  He is still recovering and requires home care.

12.     Plaintiff has incurred the following damages as a result of the Defendant's

acts and omissions related to the gall bladder surgery:

     a)  medical bills,

     b)  future medical bills and care

     c)  pain and suffering

     d)  travel and lodging costs

     e)  loss of enjoyment of life

     f)  need of help and care from family members and expense for care, and

         compensation for loss of ability to perform household work

     g)  loss of income

     h)   loss of income earning capacity

# CAUSES OF ACTION

## COUNT I - NEGLIGENCE

13.     Plaintiff realleges and reincorporates each and every allegations above as if fully set forth herein.

14.     Defendant, by and through its employee physician and other health care providers, had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers. The Defendant violated accepted standards of care that govern the proper procedures in performing Plaintiff's gall bladder removal, failed to review diagnostic testing, failed to perform additional checks and testing on Plaintiff, and failed to properly advise Plaintiff of postoperative care and instruction.

15.     Defendant breached its duty of care to Plaintiff, causing the damages set forth in this Complaint.

## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

16.     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

17.     The Defendant negligently inflicted emotional distress to Plaintiff, causing damages.

## COUNT III - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

18.    Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

19.    At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

20.    At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment for the Defendant.

21.    The directors, officers, operators, administrators, employees, agents, and staff negligently or recklessly directly and proximately caused personal injury to Plaintiff, including both acts of omission and acts of commission.

22.  As a direct and proximate result of Defendant's negligence, Plaintiff suffered the damages set forth in this Complaint.

23.    The acts and omissions set forth above would constitute a claim under the laws of the State of Montana.

24.    The Defendant is liable under 28 U.S.C. 1346(b)(1).

## COUNT IV – DECLARATORY JUDGMENT

25.    Plaintiff claims an action under Mont. Code Ann. § 27-8-101, et seq. for

judgment declaring that Mont. Code Ann. § 25-9-411 which limits the total award

for noneconomic damages to plaintiffs in medical negligence lawsuits to $250,000

violates the Montana Constitution as follows:

a.   the arbitrary damage limitation in Section 25-9-411, MCA, violates the right to trial by jury guaranteed by Article II, Section 26 of the Montana Constitution.

b.   The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to full legal redress set forth in Article II, Section 16 of the Montana Constitution.

c.   The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to equal protection guaranteed by Article II, Section 4 of the Montana Constitution.

d.   The arbitrary damage limitation in Section 25-9-411, MCA, violates the right to substantive due process set forth in Article II, Section 17, of the Montana Constitution.

e.   The arbitrary damage limitation in Section 25-9-411, MCA, violates the prohibition contained in Article II, Section 31 of the Montana Constitution, prohibiting laws purporting to grant special privileges or immunities; and

f.   The arbitrary damage limitation set forth in Section 25-9-411, MCA,

violates the principal of separation of powers established by Article

III, Section 1 of the Montana Constitution.

26.  All persons who have any claim or interest which would be affected by such

declaration are parties to this litigation and such declaration will not prejudice the

rights of persons who are not parties to these proceedings. The Attorney General of

the State of Montana has been served with a copy of these proceedings, pursuant to

Section 27-8-301, MCA and Mont. R. Civ. P. 5.1.

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     For the amount of Plaintiff's medical bills incurred as a result of his injuries

       described above;

2.     For an amount sufficient to compensate Plaintiff for future medical bills

       related to his injuries described above;

3.     For an amount sufficient to compensate Plaintiff for his pain and suffering;

4.     For an amount sufficient to compensate Plaintiff for travel and lodging costs

       as described above;

5.     For an amount sufficient to compensate Plaintiff for loss of enjoyment of

       life;

6.     For an amount sufficient to compensate Plaintiff for expense or his need of

       care from family members and loss of ability to do household and other

       work;

7.     For loss of earnings resulting from the above described injuries;

8.     For loss of income earning capacity resulting from the above described injuries;

9.     For costs in bringing this action; and

10.    For other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 27th day of June, 2014.

Attorney for Plaintiff